UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL C. FRANKS, : | |
| : | |
| Plaintiff : | |
| : | No. 4:11-CV-00970 |
| vs. : | |
| : | (Judge Nealon) |
| MICHAEL J. ASTRUE, : | |
| COMMISSIONER OF SOCIAL : | |
| SECURITY, : | |
| : | |
| Defendant : | |

MEMORANDUM

FILED
SCRANTON
JUL 3 0 2012
PER _____
DEPUTY CLERK

**Background**

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying in part Plaintiff Paul C. Franks's claim for social security disability insurance benefits.

Under 42 U.S.C. § 405(g) and relevant case law, the court is limited to reviewing the administrative record to determine whether the decision of the Commissioner is supported by substantial evidence.[1] Counsel for the parties are familiar with the sequential evaluation process

---

1. Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)); Johnson v. Commissioner of Social Security, 529 F.3d 198, 200 (3d Cir. 2008); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. Brown, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).
    Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). A single piece of

that the Commissioner utilizes and the substantial evidence standard of review. For the reasons set forth below we will reverse the decision denying in part Franks's claim for social security disability insurance benefits and remand the case to the Commissioner for an award of benefits.

A review of the record reveals clear error during the administrative proceedings. We will set forth a brief discussion of the basis for our decision.

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." It is undisputed that Franks met the insured status requirements of the Social Security Act through December 31, 2011. Tr. 20 and 22.[2]

Franks who was born in the United States on April 12, 1954, is a high school graduate with 2 years of college. Tr. 143-144 and 172. He has an extensive work and earnings history covering 32 years. Tr. 160. Franks's total earnings from 1971 through January 28, 2006, were $597,153.12. Tr. 160. His most recent work was as a corporate travel agent which was

---

evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason, 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson, 529 F.3d at 203; Cotter, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

2. References to "Tr.___" are to pages of the administrative record filed by the Defendant as part of his Answer on July 29, 2011.

described by a vocational expert as skilled, sedentary work.[3] Tr. 87 and 169. Franks claims that he

---

3. The terms sedentary, light, medium, heavy and very heavy work are defined in the regulations of the Social Security Administration as follows:

> (a) *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> (c) *Medium work.* Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can do sedentary and light work.
>
> (d) *Heavy work.* Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.
>
> (e) *Very heavy work.* Very heavy work involves lifting objects weighing more than 100 pounds at a time with

became disabled on January 28, 2006, because of diabetes mellitus, diabetic neuropathy and retinopathy, a frozen shoulder (adhesive capsulitis)[4] and arthritis of the left hip and knee. Tr. 38 and 169. Franks has not worked since January 28, 2006.

---

> frequent lifting or carrying of objects weighing 50 pounds or more. If someone can do very heavy work, we determine that he or she can also do heavy, medium, light and sedentary work.

20 C.F.R. § 404.1567.

4. This conditions is described as follows:

> A frozen shoulder is a shoulder joint with significant loss of its range of motion in all directions. The range of motion is limited not only when the patient attempts motion but also when the doctor attempts to move the joint fully while the patient relaxes. A frozen shoulder is medically referred to as adhesive capsulitis. . . .
>
> Frozen shoulder is the result of inflammation, scarring, thickening, and shrinkage of the capsule that surrounds the normal shoulder joint. Any injury to the shoulder can lead to a frozen shoulder, including tendinitis, bursitis, and rotator cuff injury (rotator cuff syndrome). Frozen shoulders occur more frequently in patients with risk factors for diabetes
> . . . .

Frozen Shoulder (Adhesive Capsulitis), MedicineNet.com, http://www.medicinenet.com/frozen_shoulder/article.htm (Last accessed July 27, 2012).

Franks protectively filed[5] his application for disability insurance benefits on October 15, 2007. Tr. 143-152. The application was initially denied by the Bureau of Disability Determination on January 25, 2008, and by an administrative law judge after a hearing held on October 6, 2009. Tr. 20-108. The administrative law judge in his decision dated October 27, 2009, found that Franks had several severe impairments, including diabetic neuropathy and adhesive capsulitis of the shoulders, but that Franks had the ability to engage in a limited range of medium work. Tr. 23-24.

Special rules apply to individuals who apply for disability and have reached the age of 50. Also, at age 55 a person is considered to be of "advanced age" and special rules apply. Franks was 51 years of age on the alleged disability onset date and 55 years of age on the date of the administrative hearing and on the date the ALJ issued his decision.

Under the Social Security regulations a person 50 to 54 years of age is considered a "person closely approaching advanced age." 20 C.F.R. §§ 404.1563(c) and 416.963(c). The Social Security Administration considers a claimant 50 to 54 who has a severe impairment and limited work experience as someone who may not be able to adjust to other work. Id. Franks was found incapable of performing his prior work because it was classified as skilled work and he also was found not to have any transferable job skills (he was limited to unskilled positions). Under those circumstances if Franks would have been limited to sedentary work by the administrative

---

5. Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits. A protective filing date allows an individual to have an earlier application date than the date the application is actually signed.

law judge, he would have been entitled to disability insurance benefits from the alleged disability onset date of January 28, 2006. See Medical-Vocational Rules 201.00(g) and 201.6, 20 C.F.R. Part 404, Subpart P, Appendix 2. Also, if he would have been limited to light work by the administrative law judge, he would have been entitled to disability benefits on and after the date he turned 55 years of age. On December 23, 2009, Franks filed a request for review of the ALJ's decision with the Appeals Council. Tr. 16.

On January 28, 2011, the Appeals Council notified Franks that it had granted review of the administrative law judge's decision and that it would consider any comments or new and material evidence that Franks submitted within 30 days from the date of the notice. Tr. 12-15. In that notice, the Appeals Council stated that it proposed to issue a partially favorable decision finding that Franks was entitled to benefits commencing on April 12, 2009, the date on which Franks reached the age of 55 but prior to that date Franks was capable of performing work as a bagger, a light duty position.[6] Tr. 13-14.

In its decision of March 18, 2011, the Appeals Council adopted all of the findings of the administrative law judge, including the postural and manipulative limitations imposed by the ALJ but limited Franks to the exertional requirements of light work (i.e., lifting and/or carry and pushing/pulling 20 pounds occasionally and 10 pounds frequently and engaging in a considerable

---

6. 20 C.F.R. § 404.973 states that "[w]hen the Appeals Council decides to review a case, it shall mail a notice to all parties at their last known address stating the reasons for the review and the issues to be considered." 20 C.F.R. § 404.979 states that after granting review "[t]he Appeals Council may affirm, modify or reverse the administrative law judge hearing decision" and "if the Appeals Council issues its own decision, it will base its decision on the preponderance of the evidence."

amount of standing and walking which is understood to mean up to 6 hours in an 8-hour workday).[7] The Appeals Council, applying the special rules for Franks's age category, found that Franks was disabled as of the date he turned 55 but not prior to that date. Tr. 7. Specifically, the Appeals Council stated in pertinent part as follows:

> The evidence shows that the claimant has symptoms of pain due to neuropathy and the he has had treatment for bilateral frozen shoulders. Considering the claimant's symptoms of shoulder and leg pain with the diagnosis and findings of neuropathy and frozen shoulders, the Appeals Council finds that the claimant has the residual functional capacity to perform work at the light exertional level. He can stand, sit and walk six out of an eight-hour workday. . . .
>
> Considering the claimant attained age 55 on April 12, 2009, based on the assessed residual functional capacity for a narrow range of light work with the inability to perform past relevant work and no transferable skills, the claimant is found to be "disabled" using the framework of Medical-Vocational Rule 206.06.
>
> Prior to April 12, 2009, the claimant is found to be "not disabled" using the framework of Rule 202.14. The Appeals Council finds that prior to April 12, 2009, the claimant has the residual functional capacity to perform work as a bagger [considered light, unskilled work.]

---

7. The ALJ found, inter alia, that Franks could occasionally push and pull with the upper extremities; frequently engage in lateral reaching with both upper extremities but no overhead reaching; occasionally to frequently handle, finger and grasp; and occasionally feel and have tactile sensation.

7

Tr. 7. The decision of the Appeals Council is the final decision of the Commissioner. 20 C.F.R.§ 404.981.[8]

Franks then filed a complaint in this court on December 23, 2011. Supporting and opposing briefs were submitted and the appeal[9] became ripe for disposition on November 3, 2011, when Franks elected not to file a reply brief.

**Discussion**

The relevant time period is from January 28, 2006, to April 12, 2009, the date Franks turned 55 years of age. The Appeals Council concluded that, during that period, Franks could engage in light work. The issue is whether that finding is supported by substantial evidence.

Franks argues that the Appeals Council's decision that he was "'not disabled' from his alleged onset date of disability of January 28, 2006 until April 12, 2009 is not supported by substantial evidence[.]" Doc. 11, Plaintiff's Brief, p. 3. We find merit in Franks's argument.

Our review of the record reveals that there is no medical source statement of Franks's abilities to perform work-related activities which indicates that Franks can engage in the

---

8. Section 404.981 states that "[t]he Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."

9. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D.Pa. Local Rule 83.40.1.

lifting, carrying, standing, walking and sitting requirements of light work. In fact Raymond J. Kraynak, D.O., an examining physician, on January 10, 2008, stated that Franks could only occasionally lift and/or carry 10 pounds while light work requires an ability to occasionally lift and/or carry up to 20 pounds. Tr. 244. Dr. Kraynak further found that Franks could only stand and/or walk 2 to 3 hours in and 8-hour workday while light work requires up to 6 hours of standing and walking in an 8-hour workday. Furthermore, Michael J. Brown, D.O., who reviewed on or about January 18, 2008, Franks's medical records on behalf of the Bureau of Disability Determination stated in a medical source statement of Franks's physical abilities to perform work, that Franks could only occasionally lift and/or carry 10 pounds and could only stand and/or walk 2 hours in an 8-hour workday. Tr. 248. Both of these opinions limit Franks to sedentary work. Furthermore, we cannot conclude from an analysis of the bare medical records that Franks can engage in the lifting, carrying, sitting, standing and walking requirements of light work and neither could the Appeals Council.

There is one other troubling problem with the Appeals Council's decision. The Appeals Council found that Franks could engage in only one light work position. That position was stated to be a "bagger" with a Dictionary of Occupational Titles (DOT) number of 920.687-018. The DOT describes that position as follows:

**920.687-018 BAGGER (garment; laundry & rel.)**

Covers garments or household articles with plastic or paper bags by any of following methods: (1) Hangs garment or article on stand and covers with plastic bag. (2) Pulls plastic from rolls, sliding plastic material over article and tearing plastic at perforations to form bag of desired size. (3) Hangs garment on holder in machine and pulls plastic from roll to envelop garment. Pushes button or moves lever to close heating irons that cut and seal plastic to form bag of desired

> dimensions. Hangs bagged article on slide rail or rack. (4) Drops shirts or folded articles into machine that automatically envelops articles in plastic bags and drops articles into box. Removes boxes from beneath machine when filled and replaces boxes.

Dictionary of Occupational Titles (4th Ed., Rev. 1991), United States Department of Labor, http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT09A.HTM (Last accessed July 27, 2012).[10]

The vocational expert who testified at the administrative hearing stated that if an individual was limited to occasional use of his upper extremities, that the individual could not perform the job of bagger because that position required frequent use of the bilateral upper extremities. Tr. 94-95. The administrative law judge limited Franks to occasional pushing and pulling with the upper extremities, frequent lateral reaching with the upper extremities and no overhead reaching with the upper extremities and the Appeals Council adopted those limitations in its decision. Id. In light of the description of the "bagger" position set forth in the DOT it is doubtful that someone limited to <u>no overhead</u> reaching and <u>occasional</u> pushing and pulling with the upper extremities could perform the job of bagger.

Our review of the administrative record reveals that the decision of the Commissioner is not supported by substantial evidence.

---

10. "The Social Security Administration has taken administrative notice of the reliability of the job information contained in the Dictionary of Occupational Titles . . . and often relies upon it . . . ." <u>Burns v. Barnhart</u>, 312 F.3d 113, 126 (3d Cir. 2002). The Dictionary of Occupational Titles sets forth job information, including the exertional and skill level necessary to perform an occupation.

The district court can award benefits only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the plaintiff is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178 (3d Cir.1986); Tennant v. Schweiker, 682 F.2d 707, 710 (8th Cir.1982). When faced with such cases, it is unreasonable for the court to give the Commissioner another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delay in the receipt of benefits. See Livingston v. Califano, 614 F.2d 342, 345 (3d Cir.1980). The decision whether to reverse or remand lies within the discretion of the court. See, e.g., Gilliland, 786 F.2d at 185; Rini v. Harris, 615 F.2d 625, 627 (5th Cir.1980).

In the present case, we find that the record is extensive and well developed. The record is 509 pages in length and includes the medical records of several doctors who have examined Franks. Substantial evidence in the record – Dr. Kraynak and Dr. Brown's functional assessments – indicate that Franks is limited to sedentary work and entitled to disability benefits under the special rules for his age category. Under the circumstances, we see no reason to remand for further consideration of whether Franks is disabled.

We have determined, therefore, that the decision of the Commissioner should be reversed with the direction that benefits be awarded to Franks, as we find that substantial evidence does not support the decision that Franks was not disabled under the Act. The Commissioner will be directed to award benefits to Franks as of January 10, 2008, the date Dr. Kraynak issued a physical functional assessment which limited Franks to sedentary work.

An appropriate order will be entered.

Date: July 30, 2012

_____
**United States District Judge**